UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VAHE ANDONIAN,<br><br>   Petitioner,<br><br>  v.<br><br>PAUL COPENHAVER,<br><br>   Respondent. | Case No.:1:13-cv-00630-SAB (HC)<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING CLERK OF COURT TO TERMINATE ACTION<br><br>(ECF No. 1) |

  Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to 28 U.S.C. § 636(c), Petitioner has consented to the jurisdiction of the United States magistrate judge. Local Rule 302.

  Petitioner filed the instant petition for writ of habeas corpus May 1, 2013. Petitioner contends that false and unjustified disciplinary charges were brought against him resulting in the placement of false information in his central file. Because of the disciplinary action, Petitioner contends he was prohibited from transferring to a lower level prison, fired from his prison job, and prevented from corresponding with his brother.

**I.**

**DISCUSSION**

  The Rules Governing Section 2254 cases in the United States District Courts are applied to petitions filed pursuant to 28 U.S.C. § 2241. Habeas Corpus Rule 1(b). Rule 4 of the Rules

Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).

A federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2d Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

**A.    Disciplinary Action/Transfer to Different Facility**

Habeas corpus jurisdiction is available under § 2241 for a prisoner's claim that he has been denied good conduct credits without due process of law. Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989). However, where a petitioner is not subject to any loss of good-time credits as a result of a disciplinary proceeding, habeas corpus relief is not available simply as a mechanism by which to expunge a prison disciplinary conviction. Instead, habeas corpus is the appropriate remedy where the disciplinary sanction levied will likely have an adverse impact on the duration of the inmate's sentence. Ramirez v. Galaza, 334 F.3d 850, 858-859 (9th Cir. 2003). Where the execution of the inmate's sentence is not affected by a disciplinary conviction, a civil rights action is the appropriate vehicle by which to expunge the resulting sanctions. Id.

In the instant petition, Petitioner concedes that he did not receive sanctions for any disciplinary action taken against him. Rather, Petitioner contends that inaccurate and false information was placed in his central file which prohibited him from being transferred to a lower security facility. Petitioner is advised that pursuant to 18 U.S.C. § 3621, Congress vested authority to determine where federal prisoners are housed solely to the BOP:

> The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal

> Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable….

18 U.S.C. § 3621(b).  While the Ninth Circuit has found that a court may review BOP regulations implementing section 3621 to determine whether they are consistent with the statute, see generally Rodriguez v. Smith, 541 F.3d 1180 (9th Cir. 2008), the BOP's individualized, discretionary decisions about where to house a particular inmate is not subject to judicial review.  Furthermore, an inmate has no protected liberty interest in his security classification and there is no constitutionally-protected interest to be housed in a particular facility.  Meachum v. Fano, 427 U.S. 215, 224-225 (1976).  Accordingly, this claim must be dismissed.

### B.  Loss of Prison Job and Denial of Correspondence

Petitioner also contends that as a result of the disciplinary action he was fired from his prison job and has been denied the opportunity to correspond by mail with his brother who is located at a different facility.

The fact that Petitioner was removed from his prison job as a result of the disciplinary finding does not affect the execution of his sentence and such claim is not cognizable by way of § 2241.  See e.g., Crawford v. Bell, 599 F.2d 890, 891-892 (9th Cir. 1979) (upholding dismissal of petition challenging conditions of confinement, the Ninth Circuit noted that "the writ of habeas corpus is limited to attacks upon the legality or duration of confinement.").  Furthermore, the fact that Petitioner is being denied the opportunity to submit correspondence by mail to his brother at a different prison facility, is likewise not cognizable by way of § 2241.  See e.g., Witherow v. Paff, 52 F.3d 264, 265-266 (9th Cir. 1995) (First Amendment challenge regarding sending or receiving mail cognizable by way of a civil rights complaint); Greenhill v. Lappin, 326 Fed. Appx. 757 (9th Cir. 2010) (claim of mishandling of mail should be brought as civil rights claim under Bivens, not habeas corpus).  Because these claims do not challenge the fact or duration of Petitioner's confinement, they must be dismissed to refilling by way of some other legal avenue.

///

///

## II.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. The instant petition for writ of habeas corpus is DISMISSED without prejudice; and

2. The Clerk of Court is directed to terminate this action.

IT IS SO ORDERED.

Dated:   **May 14, 2013**

UNITED STATES MAGISTRATE JUDGE