UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VAHE ANDONIAN, | ) Case No.:1:13-cv-00630-SAB (HC) |
| Petitioner, | ) ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION OF THE COURT'S MAY 15, 2013, ORDER OF DISMISSAL |
| v. | |
| PAUL COPENHAVER, | ) (ECF No. 8) |
| Respondent. | |

On May 15, 2013, the instant petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 was dismissed for failure to state a cognizable claim, and judgment was entered.

On July 15, 2013, Petitioner filed a motion for reconsideration pursuant to Rule 72(a) of the Federal Rules of Civil Procedure.

**I.**

**DISCUSSION**

**A.     Legal Standard**

Rule 72 (a) deals with nondispositive matters and states in pertinent part:

When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy.

1

1  Fed. R. Civ. P. 72(a).

2  Because Petitioner consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c), Rule 72 of the Federal Rules of Civil Procedure is not applicable because the Court's May 15, 2013, was dispositive which resolved the case. Therefore, the Court will construe Petitioner's "objections" as a motion for reconsideration pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.

Rule 60(b)(6) permits a court to relief a party from an order for "any reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances exist." Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008). The moving party must demonstrate both injury and circumstances beyond his control. Id.

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

**B.    Analysis**

Plaintiff disagrees with the Court's decision regarding the merits of the order dismissing the petition. In reviewing Petitioner's petition pursuant to Rule 4 of Rules Governing Section 2254 cases, the Court carefully considered Petitioner's allegations, construed the allegations liberally in light of Petitioner's pro se prisoner status, and explained in a detailed order why the petition complaint failed to state a claim under section 2254. Although Petitioner maintains that he seeks to have false information removed from his central file which has had a direct effect on his custody level, Petitioner's allegations do not support a claim for relief under section 2254.

Reconsideration is not a vehicle by which to obtain a second bite at the apple; it is reserved for extraordinary circumstances. Westlands Water Dist., 134 F.Supp.2d at 1131; see also In re Pacific Far East Lines, Inc., 889 F.2d 242, 250 (9th Cir. 1989) (Rule 60(b)(6) may provide relief where parties

were confronted with extraordinary circumstances but it does not provide a second chance for parties who made deliberate choices).  Petitioner's disagreement with the Court's decision is not grounds for reconsideration, and his motion for reconsideration shall be denied, with prejudice.

## II.
## ORDER

Based on the foregoing, it is HEREBY ORDERED that Petitioner's motion for reconsideration is DENIED, with prejudice.

IT IS SO ORDERED.

Dated:   **July 22, 2013**

UNITED STATES MAGISTRATE JUDGE